**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1050**

RICHARD EKOW TAKYI,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  October 7, 2010          Decided:  October 18, 2010

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per
curiam opinion.

Alexandru I. Craciunescu, Steffanie J. Lewis, INTERNATIONAL
BUSINESS LAW FIRM, P.C., Washington, D.C., for Petitioner. Tony
West, Assistant Attorney General, Melissa Neiman-Kelting,
Stefanie Notarino Hennes, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Ekow Takyi, a native and citizen of Ghana, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying his request for a third continuance of his removal proceedings and granting voluntary departure with an alternate order of removal. For the reasons that follow, we deny the petition for review in part and dismiss in part.

Pursuant to 8 C.F.R. § 1003.29 (2010), the immigration judge may grant a continuance for good cause shown. The immigration judge's refusal to grant a continuance is thus subject to review for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007). When deciding a motion to continue for the purpose of allowing for a visa petition to be adjudicated by United States Citizenship and Immigration Services, the immigration judge's discretion should be favorably exercised if the alien establishes a prima facie approvable visa petition. See In re Hashmi, 24 I. & N. Dec. 785, 790 (B.I.A. 2009). However, the immigration judge is not obligated "to grant a continuance in every case where there is a pending visa petition." Id. In determining whether to grant a continuance, the immigration judge should consider various factors including, among others, whether other visa petitions have been previously

2

denied, the reasons for the continuance, and any other relevant procedural factors. Id. at 790-94.

We conclude the immigration judge did not abuse his discretion in denying Takyi's request for a third continuance of his removal proceedings. See id. at 794 ("[A] history of continuances being granted by the Immigration Judge for the adjudication of a pending I-130, coupled with other relevant factors, may support a decision to move forward with the case."). Accordingly, we deny in part the petition for review. To the extent that Takyi raises issues that were not presented in his administrative appeal to the Board, we lack jurisdiction to consider those unexhausted claims and dismiss in part the petition for review. 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638, 640 (4th Cir. 2008), cert. denied, 130 S. Ct. 736 (2009). Finally, in light of the Board's order sua sponte reopening proceedings and remanding this case to the immigration court, which was issued after the instant petition for review was filed, we deny as moot Takyi's request for a remand to the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART

3