**Rubio Isael LEMUS–CRUZ, Berta Odilia Pineda Chamale, Petitioners,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

Nos. 10–4779–ag (L), 11–3850–ag (Con).

United States Court of Appeals, Second Circuit.

Aug. 2, 2012.

Robert C. Ross, West Haven, CT, for Petitioners.

Stuart F. Delery, Acting Assistant Attorney General; Ethan B. Kanter, Deputy Chief, National Security Unit; Jeffrey L. Menkin, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROBERT A. KATZMANN and CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Petitioners Rubio Israel Lemus–Cruz and Berta Odilia Pineda Chamale, husband and wife and natives and citizens of Guatemala, seek review of an October 26, 2010 decision of the BIA affirming the November 5, 2009 decision of an Immigration Judge ("IJ") ordering the petitioners' removal and denying their motion for a continuance, and an August 25, 2011 decision of the BIA denying petitioners' motion to reopen. *In re Rubio Israel Lemus–Cruz,* Nos. A074 911 878, A097 757 033 (B.I.A. Oct. 26, 2010), *aff'g* Nos. A074 911 878, A097 757 033 (Immig. Ct. Hartford Nov. 5, 2009); *In re Rubio Israel Lemus–Cruz,* Nos. A074 911 878, A097 757 033 (B.I.A. Aug. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the denial of a continuance, as well as the denial of a motion to reopen, for abuse of discretion. *Morgan v. Gonzales,* 445 F.3d 549, 550 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005).

Aliens who are "physically present in the United States" and who "entered the United States without inspection" are not eligible for adjustment of status except under the circumstances set forth in 8 U.S.C. § 1255(i). That section permits aliens who unlawfully entered the United States to apply for adjustment of status if they are the beneficiary of "an application for a labor certification" filed on or before April 30, 2001, and, if such petition or application was filed after January 14, 1998, they were physically present in the United States on December 21, 2000. 8 U.S.C. § 1255(i)(1)(B)–(C). Applicants for adjustment of status under § 1255(i) also must be otherwise "admissible" to the United States. 8 U.S.C. § 1255(i)(2). "Any alien who has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States ... is inadmissible." 8 U.S.C. 1182(a)(9)(B)(i).

The agency denied petitioners' request for a continuance, concluding that petitioners were not eligible for adjustment of status under 8 U.S.C. § 1255(i) because (1) they did not establish that they were present in the United States on December 21, 2000; and (2) they were inadmissible under 8 U.S.C. 1182(a)(9)(B)(i) as the result of their previous unlawful presence in, and removal from, the United States.

■ Petitioners first argue that the BIA abused its discretion in denying a continuance because it did not consider that the 10 year bar on petitioners' admissibility under § 1182(a)(9)(B)(i) was to expire shortly after the BIA issued its final order. During the original proceedings, however, petitioners did not present any evidence

that they were physically present in the United States on December 22, 2000, *see* J.A. 50, and consequently failed to establish that they were eligible for adjustment of status under § 1255(i). In other words, on the information available to the agency at the time of the requested continuance, petitioners would have been statutorily ineligible to adjust their status even if they were not also subject to the 10 year bar on admissibility under § 1182(a)(9)(B)(i). Accordingly, we conclude that the BIA did not abuse its discretion in denying petitioners request for a continuance. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 792 (BIA 2009) (continuance request may be denied based on determination that the alien is "statutorily ineligible for adjustment").

■ Next, petitioners contend that the BIA abused its discretion in declining to reopen the original proceedings in light of newly-presented evidence that petitioners were indeed physically present in the United States on December 21, 2000. Petitioners concede, however, that this evidence was available and could have been presented in the original merits hearing. *See* 8 C.F.R. § 1003.2(c)(1) (a case should not be reopened unless the evidence "offered [in support of reopening] is material and was not available and could not have been presented or discovered at the former hearing."). Moreover, petitioners' argument that they were not "on notice" that they had to present proof of their physical presence in the United States at the original merits hearing is without merit. Not only does 8 U.S.C. § 1255(i)(C) expressly make an alien's physical presence in the United States as of December 21, 2000 a prerequisite for adjustment of status, the IJ repeatedly advised petitioners' counsel of the obligation to present evidence of petitioners' presence in the United States during pre-hearing conferences. Accordingly, the BIA did not abuse its discretion in denying petitioners' motion to reopen.

We have considered the petitioners' remaining arguments and find them to be without merit.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, the pending motion for a stay of removal in these petitions is DENIED as moot.