**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARGIS KARAPETYAN, a.k.a. Stepan Gabrielyan, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72798 <br><br> Agency No. A095-394-376 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Sargis Karapetyan, a native and citizen of Albania, petitions for review of a

decision from the Board of Immigration Appeals ("BIA") in which the BIA

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissed his appeal from the immigration judge's ("IJ") denial of his request for a continuance of his removal proceedings.

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, "our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). We review an IJ's denial of a continuance for an abuse of discretion. *Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

"The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (internal quotation marks omitted). There is no indication that the BIA or IJ abused their discretion in this case. Despite the fact that Karapetyan had an approved I-130 visa petition, he nevertheless remained ineligible for adjustment of status or other relief. *See Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1103 (9th Cir. 2011) (holding that an approved I-130 application does not confer any change in status). Thus, the

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

BIA and IJ properly considered the fact that Karapetyan was not eligible for relief, that there had been ten prior continuances spanning the past six years, and that the government opposed a further continuance. *See Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011) (citing *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009)); *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008); *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (holding that the IJ's denial of a continuance was not an abuse of discretion where there was no available relief and where there already had been a six-month continuance).

Moreover, there is no indication that the denial of a continuance contravened the principles of judicial economy, especially in light of the fact that Karapetyan remains ineligible for adjustment of status. *Contra Malilia*, 632 F.3d at 607 (noting that the petitioner would have been able to apply for adjustment of status had the continuance been granted).

Therefore, the BIA and IJ did not abuse their discretion in denying Karapetyan's motion for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247.

We deem any remaining issues waived. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION DENIED.**