**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIA NOEMI SARABIA, | No. 11-73705 |
| Petitioner, | Agency No. A099-228-012 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Maria Noemi Sarabia, a native and citizen of Colombia, petitions pro se for

review of an order of the Board of Immigration Appeals ("BIA") dismissing her

appeal from a decision of an immigration judge ("IJ") denying her motion to

continue her removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to continue. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying Sarabia's motion to continue to await adjudication of an immigrant visa petition that her daughter had filed on her behalf, because Sarabia did not demonstrate good cause for a continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). The IJ had previously granted Sarabia eleven continuances for this purpose, and the U.S. Citizenship and Immigration Services had issued a notice of intent to deny the visa petition based on reliable evidence that Sarabia had engaged in marriage fraud. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 792, 794 (BIA 2009) (observing that "a history of continuances being granted . . . for the adjudication of a pending [visa petition], coupled with other relevant factors, may support a decision to move forward with the case"; and identifying "no obligation to continue 'when there is a reliable basis to conclude that the visa petition . . . will ultimately be denied'" (citation omitted)), *cited with approval by Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011).

The agency correctly considered the relevant legal standard and provided a reasoned explanation for its decision denying Sarabia's motion to continue. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The BIA must] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and internal quotation marks omitted)).

Sarabia has waived any challenge to the BIA's determination that the IJ lacked authority to administratively close her case. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

We lack jurisdiction to consider Sarabia's contention that the IJ did not inform her of her eligibility for voluntary departure, because Sarabia failed to exhaust this contention before the BIA. *See id.* ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**