12-216
Pelaez-Velasquez v. Holder

BIA
Verrillo, IJ
A099 282 707

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand fourteen.

PRESENT:
PIERRE N. LEVAL,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
    *Circuit Judges*.

_____

ARMANDO PELAEZ-VELASQUEZ,
    *Petitioner*,

v.                                    12-216
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:     Kevin E. Dehghani, Dehghani &
                    Associates, New Haven, CT.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant
                    Attorney General; Allen W. Hausman,
                    Senior Litigation Counsel; Margaret
                    A. O'Donnell, Trial Attorney, Office
                    of Immigration Litigation, United
                    States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Armando Pelaez-Velasquez ("Pelaez"), a native and citizen of Colombia, seeks review of a December 22, 2011, order of the BIA, affirming the December 8, 2009, decision of Immigration Judge ("IJ") Philip Verrillo, which denied his motion to continue his removal proceedings. *In re Armando Pelaez-Velasquez*, No. A099 282 707 (B.I.A. Dec. 22, 2011), *aff'g* No. A099 282 707 (Immig. Ct. Hartford Dec. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotations marks omitted). We review the agency's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006); *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 80-81 (2d Cir. 2008).

Notwithstanding Pelaez's assertions to the contrary, the agency did not abuse its discretion in denying a fifth

2

continuance to allow his U.S.-citizen wife to pursue her appeal from the denial of her visa petition filed on Pelaez's behalf.  *See Matter of Hashmi*, 24 I. & N. Dec. 785 (B.I.A. 2009).  Specifically, the agency properly noted that: (1) the government had opposed Pelaez's motion; (2) Pelaez's wife's visa petition was not prima facie approvable because it had been denied, and the BIA had recently affirmed that denial on appeal; and (3) Pelaez was not eligible to adjust status because there was not an approved visa petition filed on his behalf.  *Id.*  While Pelaez contends that the agency's denial of his motion to continue was an abuse of discretion because the BIA's dismissal of his wife's visa petition appeal was later vacated pursuant to a joint stipulation entered in a subsequent district court action, our review is limited to the administrative record on which the removal order is based.  *See* 8 U.S.C. § 1252(b)(4)(A).

Lastly, we lack jurisdiction to review Pelaez's contention that he merits administrative closure of his proceedings, which he failed to exhaust before the agency. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```