12-4871
Pomaquiza-Quinde v. Holder

BIA
Straus, I.J.
A087 947 573

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fourteen.

PRESENT:
      RALPH K. WINTER,
      BARRINGTON D. PARKER,
      PETER W. HALL,
          *Circuit Judges.*

_____

MARCELO EUGENIO POMAQUIZA-QUINDE,
      *Petitioner,*

      v.                           12-4871

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      James A. Welcome, Waterbury, CT.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Marcelo Eugenio Pomaquiza-Quinde, a native and citizen of Ecuador, seeks review of a November 21, 2012, decision of the BIA affirming the August 2, 2011 decision of an Immigration Judge ("IJ") ordering him removed. *In re Marcelo Eugenio Pomaquiza-Quinde*, No. A087 947 573 (B.I.A. Nov. 21, 2012), *aff'g* No. A087 947 573 (Immig. Ct. Hartford Aug. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Pomaquiza-Quinde conceded removability and challenges only the agency's denial of a continuance. We review such a denial "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Because the BIA explicitly stated that it did not rely on the IJ's ruling that Pomaquiza-Quinde had not established his eligibility for Special Immigrant Juvenile Status ("SIJS"), we do not consider that ruling. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006).

2

We find no error in the agency's denial of a third continuance. In "adjudicating motions to continue to give the respondent more time to prepare and the opportunity to obtain additional evidence," the respondent must "at a minimum, . . . [make] a 'reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence [the alien] seeks to present is probative, noncumulative, and significantly favorable to the alien.'" *Matter of Hashmi*, 24 I&N Dec. 785, 788 (BIA 2009) (quoting *Matter of Sibrun*, 18 I&N Dec. 354, 356 (BIA 1983)). The IJ denied a third continuance because Pomaquiza-Quinde had time to start proceedings in state court but had not done so and an attempt to convince the Department of Homeland Security to close the case administratively appeared unsuccessful. The record supports these findings, as Pomaquiza-Quinde provided no evidence that any actions had been taken to determine his juvenile status between his initial placement in proceedings and his third hearing.

Contrary to Pomaquiza-Quinde's argument in his brief, his failure to file a state court action to secure a ruling on his juvenile status was a proper reason for denying a

third continuance, as responsibility for the delay is a "critical" factor in a continuance determination. *In re Hashmi*, 24 I&N Dec. at 793-94. In addition, Pomaquiza-Quinde's argument that it was improper for the agency to consider the grant of two prior continuances is unavailing. "[A] history of continuances being granted by the [IJ]. . ., coupled with other relevant factors, may support a decision to move forward with the case." *In re Hashmi*, 24 I&N Dec. at 794. The agency properly considered the prior continuances in conjunction with the inaction and delay by Pomaquiza-Quinde in adjudicating his juvenile status in state court and seeking administrative closure.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4