# Matter of Ajmal Hussain Shah HASHMI, Respondent

File A095 827 197 - Newark, New Jersey

*Decided April 22, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  An alien's unopposed motion to continue ongoing removal proceedings to await the adjudication of a pending family-based visa petition should generally be granted if approval of the visa petition would render him prima facie eligible for adjustment of status. *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978), followed.

(2)  In determining whether good cause exists to continue such proceedings, a variety of factors may be considered, including, but not limited to:  (1) the Department of Homeland Security's response to the motion to continue; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and any other relevant procedural factors.

FOR RESPONDENT:  Regis Fernandez, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Xiomara Davis-Gumbs, Assistant Chief Counsel

BEFORE:  Board Panel:  OSUNA, Chairman; GREER and MALPHRUS, Board Members.

GREER, Board Member:

On July 7, 2008, in *Hashmi v. Attorney General of U.S.*, 531 F.3d 256 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit granted the respondent's petition for review of our July 31, 2006, decision, vacated our prior order, and remanded the case to us for further proceedings.  Upon further review of the respondent's case, we will sustain the respondent's appeal and remand the record to the Immigration Judge for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Pakistan, entered the United States as a visitor on October 22, 2000.  He married a United States citizen in 2001. The respondent was personally served with a Notice to Appear (Form I-862)

on July 30, 2003. When he first appeared before the Immigration Judge on September 25, 2003, the respondent, through counsel, admitted the allegations of fact and conceded the charges of removability in the Notice to Appear. He informed the Immigration Judge that he intended to apply for adjustment of status based on his marriage to a United States citizen and the pending Petition for Alien Relative (Form I-130) filed by his wife on his behalf. The Immigration Judge granted the respondent a 4-month continuance to allow time for the United States Citizenship and Immigration Services ("USCIS") of the Department of Homeland Security ("DHS")[1] to adjudicate the visa petition.

When the parties reconvened on February 5, 2004, the respondent reported that the I-130 was still pending. He explained that the USCIS interviewed him on November 25, 2003, and the following month he submitted the additional documentation requested by the USCIS. The DHS attorney[2] advised that he did not have the respondent's file because it was with the Cherry Hill USCIS office where the respondent had been interviewed. The Immigration Judge granted the respondent a second continuance to give the USCIS additional time to adjudicate the I-130.

The parties reconvened on May 24, 2004, and again reported that the I-130 remained pending. This time the DHS attorney had the respondent's file. The Immigration Judge granted a third continuance to wait for the USCIS to adjudicate the I-130. On August 26, 2004, the Immigration Judge continued the proceedings for a fourth time for the same reason.

At the final removal hearing on March 29, 2005, counsel for the respondent reported that the Cherry Hill USCIS office could not adjudicate the I-130 because the DHS attorney had the file. The respondent sought another continuance, which the DHS did not oppose. The Immigration Judge denied the fifth continuance request. He observed that despite numerous continuances over an 18-month period, the I-130 was still pending and unadjudicated. The Immigration Judge explained that he was expected to complete cases in a reasonable period of time by meeting certain "case completion goals" set by the Department of Justice. The Immigration Judge recognized that the case

---

[1] On March 1, 2003, pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2178, the functions of the Immigration and Naturalization Service were transferred to the Department of Homeland Security. As a result of this transfer, benefit and enforcement functions were separated. The DHS's United States Citizenship and Immigration Services is authorized to provide immigration and naturalization benefits to aliens, including the adjudication of visa petitions. The DHS's United States Immigration and Customs Enforcement ("ICE") is authorized to enforce the Immigration and Nationality Act and other immigration-related laws. Attorneys from ICE's Office of the Principal Legal Advisor represent the DHS in removal proceedings.

[2] In this decision, we refer to the ICE attorney as the "DHS attorney."

completion goals are not mandatory, but they are intended to provide case management guidance to Immigration Judges. The respondent appealed.

On July 31, 2006, we adopted and affirmed the Immigration Judge's decision denying the respondent's motion to continue. We agreed with the Immigration Judge that a further continuance was unwarranted in light of the numerous continuances already granted. We also found that the respondent failed to establish that his case was prejudiced because, at the time of our decision, he had yet to proffer an approved I-130. Citing *Matter of Sibrun*, 18 I&N Dec. 354 (BIA 1983), we recognized that an Immigration Judge's discretionary decision denying a continuance will not be reversed on appeal unless the respondent establishes that the denial caused him actual prejudice and harm, and it materially affected the outcome of his case. Moreover, we found that the adjudication of the I-130 was delayed, in part, because of the respondent's failure to disclose a prior marriage, as well as doubts that were cast on the authenticity of his divorce decree.

The respondent filed a petition for review of our decision with the Third Circuit. First, the court found that the Immigration Judge's denial of the respondent's final continuance request was arbitrary and an abuse of discretion because it was "based solely on case-completion goals," rather than the specific facts and circumstances of the case. *Hashmi v. Att'y Gen. of U.S.*, *supra*, at 261. Next, the court concluded that our finding that the respondent contributed to the delay in the I-130 adjudication constituted impermissible fact-finding on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (2008) ("[T]he Board will not engage in factfinding in the course of deciding appeals."). The case was remanded to us for further proceedings consistent with the court's opinion.

## II. ISSUE

In this case, the respondent sought multiple continuances to afford the USCIS the time and opportunity to adjudicate his I-130, which, if approved, would render him prima facie eligible for adjustment of status. The question presented is what factors should be considered in determining whether the respondent should be allowed to continue ongoing removal proceedings pending the final adjudication of an I-130, which is a prerequisite for adjustment of status. This is a difficult question because of the inherent tension between the conflicting needs to bring finality to the removal proceedings and to give the respondent an opportunity to apply for relief, especially where the respondent may be eligible for lawful permanent resident status through a family-based petition.

## III.  ANALYSIS

### A.  Motions for Continuances

The Immigration and Nationality Act does not contain specific statutory authority for the adjudication of motions to continue removal proceedings. Rather, Immigration Judges derive their broad discretionary authority over continuances from the regulations, which state that "[t]he Immigration Judge may grant a motion for continuance for good cause shown."  8 C.F.R. § 1003.29 (2008); *see also* 8 C.F.R. § 1240.6 (2008) (providing that the Immigration Judge may grant a reasonable adjournment either at his or her own instance or, for good cause shown, upon application by the respondent or the DHS).

The regulations do not contain a definition of what constitutes good cause. We have defined the parameters of "good cause" in different ways depending on the facts and circumstances presented.  For example, in *Matter of Sibrun*, *supra*, we set a high standard for adjudicating motions to continue to give the respondent more time to prepare and the opportunity to obtain additional evidence.  Under *Sibrun*, these motions must be accompanied, at a minimum, by a "reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence [the alien] seeks to present is probative, noncumulative, and significantly favorable to the alien."  *Id.* at 356; *cf. Matter of Silva-Rodriguez*, 20 I&N Dec. 448 (BIA 1992) (holding that good cause was not shown where the respondent sought a continuance to have more time to establish rehabilitation in furtherance of his application for a waiver of inadmissibility under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. II 1990)).

Pertinent to the matter before us, in *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978), *modified on other grounds*, *Matter of Arthur*, 20 I&N Dec. 475 (BIA 1992), we considered whether a respondent should be granted reopening or a continuance for the adjudication of a pending I-130.  We held "that discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen."  *Id.* at 657.  In *Garcia*, the respondent requested reopening of his deportation proceedings pending adjudication of a visa petition filed by his United States citizen wife simultaneously with his application to pursue adjustment of status before the Immigration Judge, who had jurisdiction over that application.[3]  *Garcia* aimed

---

[3] *Matter of Garcia* predates the enactment of time and number limits on motions to reopen under section 240(c)(7) of the Act, 8 U.S.C. § 1229a(c)(7) (2006).

to allow a respondent, as the likely beneficiary of a visa petition conferring immediate eligibility for adjustment of status, an opportunity to await the outcome of the visa petition decision before proceedings concluded. Our decision focused on the likelihood of success of the visa petition on the merits, which would result in "a substantial claim to relief from deportation under section 245 of the Act." *Matter of Garcia*, *supra*, at 656.

The circuit courts reacted favorably to *Garcia*, supporting its presumption that discretion should be favorably exercised in appropriate cases to await resolution of the ancillary visa petition. The circuit courts also recognized that *Garcia* "did not create an inflexible rule, requiring an [Immigration Judge] to continue deportation proceedings, regardless of the merits of the pending visa petition." *Onyeme v. U.S. INS*, 146 F.3d 227, 233 (4th Cir. 1998); *see also Pedreros v. Keisler*, 503 F.3d 162, 166 (2d Cir. 2007); *Hassan v. INS*, 110 F.3d 490 (7th Cir. 1997); *Oluyemi v. INS*, 902 F.2d 1032, 1034 (1st Cir. 1990).

## B. Motions to Continue for Adjustment of Status

### 1. Adjustment of Status Process

A two-step process underlies a family-based adjustment of status. First, the United States citizen or lawful permanent resident petitioner files an I-130 with the USCIS on behalf of his or her qualifying family member, who is the beneficiary of the visa petition and later becomes the respondent in removal proceedings. The petitioner must establish his or her own United States citizenship or lawful permanent resident status and the bona fides of the claimed relationship to the beneficiary and must also show that the family relationship meets the statutory requirements. *See* 8 C.F.R. §§ 204.1-204.2 (2008) (providing filing and adjudication procedures for certain family-based immigrant visa petitions).

Once the I-130 is approved and an immigrant visa is immediately available, the respondent may apply for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2006). The burden is on the respondent to establish his adjustment eligibility. *See* 8 C.F.R. § 1240.8(d) (2008). To establish eligibility for adjustment of status under section 245(a) of the Act, the respondent must demonstrate that he has been inspected and admitted or paroled into the United States; is eligible to receive an immigrant visa and has a visa immediately available to him; is not statutorily barred from adjustment; and is admissible to the United States within the meaning of section 212(a) of the Act or, if inadmissible, is eligible for a waiver of inadmissibility.

Regarding the requirement that a visa be immediately available, immediate relatives, who are defined as parents, spouses, and children of United States citizens in section 201(b)(2)(A)(i) of the Act, 8 U.S.C. § 1151(b)(2)(A)(i)

(2006), are not subject to numerical limits on immigrant visas, meaning that visa availability is immediate. On the other hand, aliens in the preference categories under section 203(a) of the Act, 8 U.S.C. § 1153(a) (2006) (e.g., the spouse of a lawful permanent resident), are subject to numerical limits on visas. The Department of State tracks visa availability in its monthly Visa Bulletin. A visa is immediately available when the alien's priority date is earlier than the date for the specified preference category shown on the current Visa Bulletin. *See* 8 C.F.R. §§ 245.1(g)(1), 1245.1(g)(1) (2008). The alien's priority date is fixed when the I-130 is filed with the USCIS. *See* 8 C.F.R. §§ 245.1(g)(2), 1245.1(g)(2).

### 2. Appropriate Factors for Consideration of a Motion To Continue for Adjustment of Status

After evaluating the respondent's place in the adjustment of status process, the Immigration Judge must determine whether to grant a continuance request. This brings us to the precise issue before us, namely, what factors should be considered in determining whether to continue removal proceedings pending final adjudication of an I-130 filed in conjunction with an adjustment application.

Adjudication of a motion to continue should begin with the presumption stated in *Matter of Garcia*, *supra*, at 657, that discretion should be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of an ongoing removal hearing. This presumption is reasonable given the significant interest at stake—the chance to acquire lawful permanent resident status through a family-based visa petition. At the same time, it is well established that *Garcia* does not require the Immigration Judge to grant a continuance in every case where there is a pending visa petition. Although the focus of the inquiry is the likelihood that the adjustment application will be granted, we find that there are a number of factors that may be relevant to evaluate and weigh in deciding whether a continuance is warranted in family-based adjustment scenarios.

In determining whether to continue proceedings to afford the respondent an opportunity to apply for adjustment of status premised on a pending visa petition, a variety of factors may be considered, including, but not limited to: (1) the DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors. These factors are illustrative, not exhaustive. While all these factors may be relevant in a given case, the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application.

*See Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006) (stating that the denial of a continuance was not an abuse of discretion, given the "ultimate hopelessness" of the adjustment application).

First, the Immigration Judge should consider the DHS's position.  If the DHS affirmatively expresses a lack of opposition, the proceedings ordinarily should be continued by the Immigration Judge in the absence of unusual, clearly identified, and supported reasons for not doing so. Government opposition that is reasonable and supported by the record may warrant denial of a continuance.  On the other hand, unsupported opposition does not carry much weight.  The Immigration Judge should evaluate the Government's objection, considering the totality of the circumstances.  S*ee Badwan v. Gonzales*, 494 F.3d 566, 568 (6th Cir. 2007) (stating that the DHS's lack of opposition "underscores the importance of the [Immigration Judge's] offering a coherent explanation as to why, from the perspective of the immigration courts, the motion should be denied").[4]

If the DHS does oppose a continuance or further analysis is warranted, the Immigration Judge may need to evaluate whether the respondent is the beneficiary of a prima facie approvable I-130.  It is well established that Immigration Judges do not have jurisdiction to decide visa petitions.  *See Matter of Perez Vargas*, 23 I&N Dec. 829, 831 (BIA 2005).  However, in the context of deciding a motion to continue for the USCIS to adjudicate the petition, it is  useful for the Immigration Judge to evaluate the viability of the underlying I-130.  *See, e.g., Afzal v. Holder*, 559 F.3d 677, 679 (7th Cir. 2009) (finding that the denial of a continuance was not an abuse of discretion where the respondent "could not point to any prospect of success regarding the reinstatement of his visa").

Submission of the visa petition to the Immigration Judge assists in determining the viability of the underlying I-130.  If needed, the respondent's request for a continuance should be supported by particularized facts and evidence, including a copy of the I-130 visa petition packet that the respondent filed with the USCIS, along with the USCIS Notice of Action (Form I-797)

---

[4] In appropriate circumstances, such as where there is a pending prima facie approvable visa petition, we urge the DHS to consider agreeing to administrative closure of the case. *See generally Matter of Gutierrez*, 21 I&N Dec. 479 (BIA 1996) (stating that administrative closure is used to temporarily remove the case from the court's docket and that a case may not be administratively closed if opposed by either party).  Administrative closure is an attractive option in these situations, as it will assist in ensuring that only those cases that are likely to be resolved are before the Immigration Judge.  This will avoid the repeated rescheduling of a case that is clearly not ready to be concluded.  Notably, either party can move to have the case recalendered once the visa petition has been adjudicated or some other factor has arisen indicating that the case is ready for a hearing. *Id.*

showing the date of receipt.[5] *Cf. Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1048 (6th Cir. 2007) (noting that the respondent failed to provide evidence, such as a copy of the pending I-130 petition).

If other visa petitions filed on the respondent's behalf have been denied, those petitions and the USCIS's determinations could also be presented and considered. These prior filings or other evidence of potential fraud or dilatory tactics may impact the viability of the visa petition underlying the motion. *See, e.g.*, *Pedreros v. Keisler*, *supra*, at 166 (finding that it was not an abuse of discretion to deny a continuance where there was "no basis to conclude that the denial of the I-130 petition had any likelihood of being overturned on appeal"); *Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir. 2006) (finding no abuse of discretion in the denial of a continuance for adjudication of a second visa petition when the first I-130 filed by the same petitioner was denied by the USCIS for failure to establish a bona fide marriage).

Third, the Immigration Judge may evaluate the respondent's statutory eligibility for adjustment of status. We held in *Matter of Garcia*, *supra*, that a continuance request could be denied based on a determination that the respondent is statutorily ineligible for adjustment. *See also Ilic-Lee v. Mukasey*, *supra*, at 1048 (finding no obligation to continue where it was unlikely that an adjustment application would be approved); *Pedreros v. Keisler*, *supra*, at 166 (finding no obligation to continue "when there is a reliable basis to conclude that the visa petition or the adjustment of status will ultimately be denied"); *Oluyemi v. INS*, *supra*, at 1034 (finding no obligation to continue when the Immigration Judge "believed that the adjustment petition eventually would be denied").

To determine the likelihood of success of the adjustment application, the Immigration Judge needs some basis to examine the merits of the application. Therefore, the respondent may be required to submit evidence establishing prima facie eligibility for adjustment, including the Application to Register Permanent Residence or Adjust Status (Form I-485), the required supporting documentation, and the USCIS fee receipts. *See* section 245(a) of the Act (requiring that the alien make an application for such adjustment). If warranted, the respondent should provide evidence establishing his admissibility or his eligibility for a corresponding waiver of inadmissibility. *See* 8 C.F.R. §1245.1(f) (2008) (providing that an application for a waiver of inadmissibility should be filed concurrently with an adjustment application). If a waiver of inadmissibility is required, the appropriate application for a waiver may also be submitted to the Immigration Judge, along with the

---

[5] In this case, the respondent did not submit any evidence of the pending I-130 and did not specify the date it was filed, although it appears to have been filed prior to the initiation of his removal proceedings.

required supporting documentation. *See Onyeme v. U.S. INS*, *supra* (finding that a respondent who failed to demonstrate eligibility for a waiver of inadmissibility could not establish a prima facie case for adjustment of status).

Similarly, a respondent who is present in this country without having been inspected and admitted or paroled, or who is barred from adjustment under section 245(c) of the Act, would need to establish eligibility for adjustment of status under section 245(i) of the Act. This would include proof that a labor certification or visa petition was properly filed on the respondent's behalf on or before April 30, 2001, and was approvable when filed. *See Matter of Jara Riero and Jara Espinol*, 24 I&N Dec. 267 (BIA 2007); 8 C.F.R. § 1245.10 (2008).

Fourth, the Immigration Judge may consider whether the respondent warrants adjustment of status in the exercise of discretion. *See Matter of Garcia*, *supra*, at 657 (stating that a continuance may be denied based on a determination that adjustment is not warranted in the exercise of discretion, notwithstanding the approval of the visa petition); *see also Malik v. Mukasey*, 546 F.3d 890 (7th Cir. 2008) (finding that it is not an abuse of discretion to deny a continuance based on the determination that the alien does not merit adjustment in the exercise of discretion). Factors relevant to determining whether a favorable exercise of discretion is warranted include, but are not limited to, the existence of family ties in the United States; the length of the respondent's residence in the United States; the hardship of traveling abroad; and the respondent's immigration history, including any preconceived intent to immigrate at the time of entering as a nonimmigrant. *See generally Matter of Blas*, 15 I&N Dec. 626 (BIA 1974; A.G. 1976); *Matter of Arai*, 13 I&N Dec. 494 (BIA 1970); *see also Oluyemi v. INS*, *supra*, at 1033-34 (stating that an alien must establish that adjustment is warranted as a matter of discretion). A respondent's criminal history is an additional consideration. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006).

Fifth, the Immigration Judge may consider the reasons for the continuance and other relevant procedural factors. In some cases, both parties may require additional time. *See, e.g.*, *Badwan v. Gonzales*, *supra* (noting that the DHS needed time to complete the required background check and the respondent needed time to prove the validity of his divorce). In other cases, however, a critical inquiry will revolve around which party is most responsible for the delay in the proceedings. In the instant case, the continuance was predicated on the USCIS's delay in processing the I-130. The delay was exacerbated by the movement of the respondent's file back and forth between the offices of the USCIS adjudicator and the DHS trial attorney. Delay that is not attributable to the respondent augurs in favor of a continuance.

The Immigration Judge may also consider any other relevant procedural factors. Compliance with an Immigration Judge's case completion goals,

however, is not a proper factor in deciding a continuance request, and Immigration Judges should not cite such goals in decisions relating to continuances. *See Hashmi v. Att'y Gen. of U.S.*, *supra*, at 261. The number and length of prior continuances are not alone determinative. However, a history of continuances being granted by the Immigration Judge for the adjudication of a pending I-130, coupled with other relevant factors, may support a decision to move forward with the case. *See, e.g.*, *Abu-Khaliel v. Gonzales*, *supra* (finding that the denial of a continuance was not an abuse of discretion where the Immigration Judge considered the number and length of prior continuances, the recently filed second I-130 by the respondent's second wife, and the respondent's criminal history).

Finally, as with other discretionary determinations, the Immigration Judge should articulate, balance, and explain all these relevant factors, and any others that may be applicable, in deciding whether to grant the respondent a continuance for the USCIS to adjudicate the I-130 or, alternatively, to proceed with the case despite the pendency of the visa petition. *See Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004) (finding an abuse of discretion where the Immigration Judge offered no reason for denying the continuance).

## IV. CONCLUSION

The record will be remanded to the Immigration Judge so that he can consider the aforementioned factors to determine whether a continuance is warranted in this case. In considering the facts and circumstances of this particular case, he should evaluate the following five factors, as relevant: (1) the DHS's position on the motion to continue; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and any other relevant procedural factors. He may also consider any other facts that he deems appropriate. The parties will be afforded the opportunity to satisfy the evidentiary requirements described above.

**ORDER:** The respondent's appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.