**Xiaochen VASS, also known as Xiao Zhen Tang, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Attorney General, Respondent.**

No. 04–3859–ag.

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Fengling Liu, New York, NY, for Petitioner.

Patricia L. Buchanan, Assistant United States Attorney (Jeffrey S. Oestericher, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Respondent.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges, DENISE COTE, District Judge.**

**SUMMARY ORDER**

Petitioner Xiaochen Vass, a native and citizen of the People's Republic of China, seeks review of the July 7, 2004 order of the BIA, which affirmed the April 11, 2003 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying her request for an indefinite continuance of her removal proceedings. *In re Xiaochen Vass,* No. A74 755 942 (B.I.A. July 7, 2004), *aff'g* No. A74 755 942 (Immig. Ct. N.Y. City Apr. 11, 2003). We review the denial of a motion for continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales,* 445 F.3d 549, 551 (2d Cir. 2006). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Vass argues that the "IJ failed to consider the circumstances of the filing of [her] two prior I–130 applications" when denying her request for a continuance. Petr.'s Br. at 11. This argument is belied by the IJ's decision, which specifically references those circumstances. *See* IJ Decision at 3. Vass also submits that the IJ "erred in denying the adjournment request based on the finding th[at] she did not have good moral character." Petr.'s Br. at 13. This is also contradicted by the record. The IJ did not conclude that Vass lacked good moral character but, rather, found that Vass's payment of $2,500 to an agency to obtain a green card without asking any questions did not reflect "good faith" on her part. IJ Decision at 3.

Finally, Vass contends that the IJ's finding that she was "several years away from eligibility for adjustment of status," *id.* at 2, was "not a reasonable basis to assess whether an adjournment should be granted," Petr.'s Br. at 14. This argument is without merit. We have held that, where a petitioner is not eligible for adjustment of status "[a]t the time of the hearing," she

** District Judge Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

has "no right to yet another delay in the proceedings so that [she] could attempt to become eligible for such relief." *Morgan v. Gonzales,* 445 F.3d at 552. We identify no abuse of discretion in the denial of Vass's motion for a continuance where she was already granted four adjournments to explore her eligibility for relief from removal, her two previous marriage-based visa petitions had been denied, and her third such visa application had not yet been approved. *See id.* at 553 ("We disagree with [petitioner's] contention that it was outside the range of permissible decisions for the IJ to deny the requested continuance even though there was a visa petition filed on [petitioner's] behalf that was pending.").[1]

Accordingly, the petition for review is DENIED.

---

1. The BIA has recently delineated a set of factors relevant to applications for continuance of removal proceedings while an alien's visa petition is pending. *See In re Hashmi,* 24 I. & N. Dec. 785 (BIA 2009). After reviewing *Hashmi* and the IJ's decision below, we conclude that no remand is required because *Hashmi* "amounts to a formal articulation of the standard that was actually applied in the BIA's resolution of [Vass]'s case." *Xiu Fen Xia v. Mukasey,* 510 F.3d 162, 167 (2d Cir. 2007), and the IJ's decision fell "within the range of permissible decisions" available to it within that standard, *Morgan v. Gonzales,* 445 F.3d at 552.