Armando **NARANJO–BARRAJAS,** Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

Nos. 05–76737, 07–72147.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Henry A. Posada, Esq., Law Offices of Henry A. Posada, Downey, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ari Nazarov, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Armando Naranjo–Barrajas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for adjustment of status and a BIA order denying his motion to reopen alleging ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We grant the petitions for review and remand.

In No. 05–76737, the IJ denied Naranjo–Barrajas' adjustment of status application solely because at the time of his hearing the United States Citizenship and Immigration Services had not processed the I–130 visa petition submitted on his behalf by his United States citizen daughter, which has since been approved. We remand to the agency for reconsideration of Naranjo–Barrajas' adjustment application in light of the BIA's intervening decision in *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009). *See generally INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In No. 07–72147, the BIA concluded that Naranjo–Barrajas' prior counsel's failure to challenge the IJ's conclusion that Naranjo–Barrajas' conviction under California Penal Code § 273.5(a) is categorically a crime involving moral turpitude did not prejudice his appeal to the BIA from the IJ's decision denying his cancellation of removal application. The BIA, however, did not have the benefit of our intervening decision in *Morales–Garcia v. Holder,* 567 F.3d 1058, 1067 (9th Cir.2009), and we, therefore, remand to the BIA for reconsideration of whether prior counsel's performance prejudiced his appeal. *See generally Ventura,* 537 U.S. at 16, 123 S.Ct. 353.

**PETITIONS FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.