FILED
United States Court of Appeals
Tenth Circuit

September 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIE LIU,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 14-9543
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Jie Liu, a native and citizen of the People's Republic of China, petitions for review of the agency's determination that she filed a frivolous asylum application. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

After Ms. Liu arrived in the United States in November 2007, she applied for asylum in January 2008. Her application stated that (1) in 2000 she was subjected to a forcible abortion, and (2) in 2007 she was arrested for practicing Christianity at a home church and, while detained, she was beaten. On March 4, 2008, she had an asylum interview, where she repeated her claims about the abortion, the arrest, and the beating. The interview officer identified several inconsistencies in her testimony and referred her case to an immigration judge (IJ) for further proceedings.

While her asylum case was pending, Ms. Liu married a United States citizen. He filed on her behalf a Form I-130, Petition for Alien Relative, and she moved for a continuance of the asylum case so that the agency could act on the petition. In accordance with *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), the IJ held a hearing to examine whether the marriage was bona fide and there was good cause for a continuance. At the *Hashmi* hearing Ms. Liu admitted that portions of her asylum application were exaggerated or incorrect, stating that her former attorney had told her to include details that were not true. For example, although it was true that she was arrested in 2007 after police raided a home church, "[n]othing really happened" at the police station beyond questioning. Amend. Admin. R. at 168. She also admitted that she knew that her application contained untrue information.

After these admissions the focus of the hearing turned to whether Ms. Liu had filed a frivolous asylum application, because an alien who files a frivolous

application is ordinarily forever barred from relief under the Immigration and Nationality Act, *see* 8 U.S.C. § 1158(d)(6). After the government's counsel began exploring what had happened at Ms. Liu's agency interview, she invoked her Fifth Amendment privilege against self-incrimination.

Ultimately, the IJ found all the necessary elements to apply the frivolous-application bar, *see In re Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007), and ruled that Ms. Liu therefore was ineligible for adjustment of status. He ordered her removed to China. The Board of Immigration Appeals (BIA) agreed with the IJ and dismissed the appeal.

## *Analysis*

Before this court, the only element of the frivolous-application bar that is at issue is notice. For an alien to be subject to § 1158(d)(6), the Attorney General must "[a]t the time of filing an application for asylum . . . advise the alien . . . of the consequences . . . of knowingly filing a frivolous application for asylum." 8 U.S.C. § 1158(d)(4)(A); *see also In re Y-L-*, 24 I. & N. Dec. at 155. Ms. Liu argues that the agency erroneously concluded that she timely received the required notice.

The Form I-589 asylum application contains a written warning, immediately above the applicant's signature block, that "[a]pplicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act." Amend. Admin. R. at 321. This court has held that this warning is sufficient, as a matter of law, to satisfy the

notice requirement. *See Ribas v. Mukasey*, 545 F.3d 922, 928, 930 (10th Cir. 2008).

But Ms. Liu argues that this notice was insufficient in her case because she was

unable to speak or understand English at the time she submitted the asylum

application. *Cf. id.* at 930 (petitioner in *Ribas* "ma[de] no argument that he did not

speak English well enough to read the warning or that he did not understand the

warning"). She points to notes of the asylum interview indicating that she told the

interview officer that the translator had not read the entire asylum application to her,

but only her statement.[1]

Whether Ms. Liu understood the Form I-589 warning is a factual

determination and therefore is reviewed for substantial evidence, *see Niang v.*

*Gonzales*, 422 F.3d 1187, 1196 (10th Cir. 2005). "Under the substantial-evidence

standard our duty is to guarantee that factual determinations are supported by

reasonable, substantial and probative evidence considering the record as a whole."

*Id.* (internal quotation marks omitted). The agency's factual findings "are conclusive

---

[1] Ms. Liu has changed the focus of her arguments at each step of these proceedings. Before the IJ, she urged (1) *Ribas* should not control, but instead the IJ should apply *Chen v. Mukasey*, 527 F.3d 935 (9th Cir. 2008); and (2) the required warning must be given by an IJ. She did not assert that she did not understand the warning in the Form I-589 application. But before the BIA, she argued that (1) the asylum officer's notes did not reflect that she received the frivolous warnings and the government did not call the officer to testify, (2) there was contradictory evidence (in the form of the hearing notes) that she received the warning in the Form I-589 application, and (3) she never received a warning from the IJ. To the extent that she now asserts arguments before this court that she did not exhaust before the BIA, we lack jurisdiction to consider them. *See Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005).

unless any reasonable adjudicator would be compelled to conclude to the contrary."

8 U.S.C. § 1252(b)(4)(B).

The IJ recognized that the person who prepared the application for Ms. Liu signed the Form I-589 Part E declaration that "'[t]he completed application was read to the applicant in his or her native language or language he or she understands for verification before he or she signed the application in my presence.'" Amend. Admin. R. at 57-58 (quoting application, *id.* at 321). He also noted that Ms. Liu had signed the frivolous-application warning in Part D of the application. He found that "the inclusion of the warning on the 589 or asylum application coupled with the attestation of translation and [Ms. Liu's] signature . . . suffice[d] to demonstrate [Ms. Liu] received the adequate warnings in this case." *Id.* at 58. The BIA "adopt[ed] and affirm[ed] the [IJ's] thorough and well-reasoned decision." *Id.* at 3. Specifically on the issue of notice, it explained:

> [Ms. Liu] filed an asylum application that required her to certify, under penalty of perjury, to the truth contained in it and warned in clear, conspicuous, bold lettering on the signature page that an applicant "determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits;" [Ms. Liu] signed the signature page directly below the certification and warning and on the next page before the asylum officer.

*Id.* at 4.

Substantial evidence supports the finding that Ms. Liu received the frivolous-application warning at the time she signed the application. As the IJ stated, the preparer/translator certified that she had read the application to Ms. Liu. While

Ms. Liu's statement at her asylum interview contradicts this evidence, the agency was not bound to accept Ms. Liu's statement. Further, as the BIA noted, the application's warning was renewed at the asylum interview. At that interview Ms. Liu signed the Record of Applicant and Interpreter Oaths During An Interview and Part F of the asylum application—both of which contained a frivolous-application warning. Having received those warnings, she nevertheless chose to proceed with the interview instead of immediately seeking to withdraw or revise her application. The BIA was entitled to view this conduct as supporting its decision because she was not deterred by the warning.[2]

---

[2] The government argues in the alternative that even if Ms. Liu did not understand the warning in the Form I-589 application, the asylum-interview warnings provided "adequate notice through other, sufficient means." Resp. Br. at 18; *see also id.* at 21-25. We consider the interview warnings only as evidence to support the finding that Ms. Liu received the frivolous-application warning when she first filed her asylum application; we do not decide the government's alternative assertion. *See Ribas*, 545 F.3d at 930 (noting that "it is questionable whether [a warning given by the IJ] provided any meaningful notice at all" because "it was provided after [petitioner] had already filed the first application, for which he was sanctioned," but declining to decide the question).

*Conclusion*

Because substantial evidence supports the agency's finding that Ms. Liu received the required notice at the time she completed her asylum application, the petition for review is denied.

Entered for the Court


Harris L Hartz
Circuit Judge