NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4207

_____

ANTHONY OLIVER CAMPBELL,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-526-016)
Immigration Judge:  Andrew Arthur

_____

Submitted under Third Circuit LAR 34.1(a)
on July 10, 2015

Before: FUENTES, NYGAARD and ROTH, Circuit Judges

(Opinion filed: October 20, 2015)

_____

OPINION*

_____

ROTH, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Oliver Campbell appeals the Board of Immigration Appeals' denial of his motion to reopen proceedings due to the alleged ineffectiveness of his former counsel. For the reasons stated below, we will deny the petition for review..

## I.      Background

Campbell is a citizen of Jamaica.  In 2001, he came to the United States on a non-immigrant F-1 student visa.  He remained a student through 2008, finishing his Master's Degree in Business Administration.  On September 14, 2012 Campbell received a Notice to Appear, designating him eligible for removal for overstaying his student visa.  On March 8, 2013, DHS commenced removal proceedings against Campbell.

Campbell retained Kimberly Tomczak and her supervisor, Wayne Sachs, as counsel.  At the time, Campbell was engaged to Georgette Higgin, who was still married to her former husband, though in the process of divorce.  At an April 10, 2013 hearing, counsel conceded the facts in the NTA and Campbell's removability, but moved for a continuance under *Matter of Hashmi*,[1] to allow Campbell and Higgin to marry and apply for an adjustment of status.  Under *Hashmi*, an immigration judge should presumptively continue a removal hearing if a prima facie approvable adjustment petition will be made in the course of removal proceeding.[2]  The IJ denied the motion because Campbell was not yet married and could not show a probability of being married soon, as his fiancée was married to someone else.  Moreover, the IJ noted that Campbell had a criminal

[1] 24 I. & N. Dec. 785 (BIA 2009).
[2] *Id.* at 790.

record that included five convictions for driving under the influence, making it unlikely that his application would "merit[s] a favorable exercise of discretion."[3]

On July 10, 2013, Higgin filed a petition for an alien relative on behalf of her new husband, Campbell. On August 7, 2013, counsel appealed Campbell's case to the BIA and moved to remand based on newly acquired evidence: the marriage. While the BIA noted numerous factors in Campbell's favor, such as continuous presence, completion of several degrees, steady employment, and tax compliance, it felt that the criminal history—specifically the five DUIs—was a serious adverse factor that "strongly undermine[d] the likelihood that he would be granted adjustment of status as a matter of discretion."[4] Accordingly, the BIA upheld the denial of a continuance because the ultimate result would not change.

On February 19, 2014, USCIS granted Higgin's petition for an alien relative, entitling her husband to an immigrant visa. On March 31, 2014, counsel filed a motion to reopen under 8 C.F.R. § 1003.2(a), stating that the grant of the visa petition on February 19, 2014 constituted new evidence. On April 8, 2014, the BIA, treating the untimely motion to reopen as a request to reopen *sua sponte*, denied the motion based on the grounds that becoming potentially eligible for adjustment of status after a final order was not uncommon, and did not establish exceptional circumstances to warrant reopening.

---

[3] *See id.*
[4] J.A. 39.

3

On April 24, 2014, Campbell retained new counsel and petitioned this Court for review, arguing that his prior counsel was ineffective. Counsel had never advised Campbell that he had prima facie eligibility to apply for cancellation of removal because he had stayed in the country ten years,[5] and Campbell argued that was prejudicial error. Notably, Campbell did not claim that the application for cancellation of removal would have been granted, but that the consideration of the application itself would have allowed enough time for Higgin to finalize her divorce, marry Campbell, and file a visa petition for him without need for the *Hashmi* motion. On July 23, 2014, we dismissed Campbell's motion for stay of removal because we lack jurisdiction over a decision by the BIA not to reopen a case *sua sponte*.[6]

On July 24, 2014, Campbell moved to reopen his case in the BIA a second time, on the same ineffective assistance grounds. On September 22, 2014, the BIA declined to reopen the case, reasoning in part that Campbell's motion was untimely and number-barred,[7] and that Campbell's ineffective assistance argument failed. The ineffective assistance claim assumed that after the delay created by the application for cancellation, the IJ would have held for him on the merits. According to the BIA, however, the IJ had already ruled on the merits, and the BIA had previously upheld that decision on the merits. Consequently, Campbell "ha[d] not shown that, if he had applied for cancellation of removal and obtained continuance, there was 'reasonable likelihood that the result

---

[5] *See* 8 U.S.C. § 1229b(b).

[6] *Campbell v. Attorney Gen.*, No. 14-2001 (3d. Cir. July 23, 2014) (citing *Chehazeh v. Attorney Gen.*, 666 F.3d 118, 129 (3d Cir. 2012)).

[7] *See* 8 C.F.R. § 1003.2.

4

would have been different.'"[8]  Campbell was subsequently removed to Jamaica, and he now appeals the BIA's decision.

## II.  Discussion

We review ineffective assistance of counsel claims in immigration proceedings under a de novo standard.[9]  Our Court uses a two-part test to assess error and prejudice, asking "(1) whether competent counsel would have acted otherwise, and, if yes, (2) whether the alien was prejudiced by counsel's poor performance."[10]  "[A] showing of prejudice requires a reasonable likelihood that the result would have been different."[11]  A motion to reopen, however, is reviewed for abuse of discretion,[12] and a decision to deny the motion will be upheld unless it is "arbitrary, irrational, or contrary to law."[13]

Campbell makes two arguments regarding the alleged ineffective assistance of his prior counsel.  First, he argues that the BIA misapplied the prejudice standard, relying on the BIA's remark that "the Immigration Judge addressed the merits of his application for adjustment of status, and found that he did not show that this application would be granted in the exercise of discretion."[14]  Campbell argues that this remark demonstrates that the BIA required him to prove that a different outcome was certain, rather than merely likely.  Campbell takes this quotation entirely out of context.  The IJ denied Campbell's *Hashmi* motion for two independent reasons:  1) the future marriage was

---

[8] J.A. 2 (quoting *Fadiga v. Attorney Gen.,* 488 F.3d 142, 158 (3d Cir. 2007)).
[9] *Fadiga*, 488 F.3d at 153-54.
[10] *Id.* at 157 (internal quotations omitted).
[11] *Id.* at 158 (internal quotations omitted).
[12] *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003).
[13] *Tipu v. I.N.S.,* 20 F.3d 580, 582 (3d Cir. 1994).
[14] J.A. 2.

speculative and 2) Campbell's criminal record would prevent a favorable future exercise of discretion. Campbell's ineffective assistance argument addresses only the first point: with better legal assistance he could have delayed, and with adequate delay, the marriage would no longer have been speculative. But this point does not address his criminal record. An adjustment of status is still discretionary,[15] and the BIA's remark simply indicated that nothing about the delay would have made Campbell's criminal record less problematic to the IJ. The BIA's first decision indicated as much when it declined to remand because the result would not change.[16] Thus, we find that no prejudice stemmed from this alleged error.[17]

Second, Campbell argues that in his prior motion to reopen, counsel argued for the wrong standard. Specifically, rather than applying *Hashmi*, counsel should have argued for—and the BIA should have applied—the standard from *Matter of L-O-G-*.[18] But Campbell's prior motion was untimely and number-barred, and *L-O-G-* did not address those flaws.[19] Moreover, the standard in *L-O-G- also* requires "a reasonable likelihood of

---

[15] *See* 8 U.S.C. § 1255.

[16] J.A 38 n.2.

[17] Campbell also argues that his counsel's error is compounded because if not for the error he would not have faced forced removal, and would not have been statutorily ineligible to return for ten years. *See* 8 U.S.C. § 1182 (a)(9)(A). But this argument assumes its conclusion, that but for the error, he would have been able to adjust his status. Moreover, as he was removed after his appeals, Campbell's ineligibility did not factor into any of the decisions below, making it irrelevant for prejudice regarding those decisions.

[18] 21 I&N Dec. 413 (BIA 1996).

[19] J.A. 3

6

success on the merits"[20] to justify reopening a case, and as discussed above, Campbell fails under that standard.

## III.    Conclusion

Campbell has not demonstrated that the there is a reasonable likelihood that he would have succeeded.  We will therefore deny the petition for review.

---

[20] 21 I&N Dec. at 420.