**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS DULTRA DY,

                    Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

No. 15-70956

Agency No. A088-658-154

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Jesus Dultra Dy, a native and citizen of the Philippines, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order denying his request for a continuance. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a continuance and review de novo questions of law. *Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Dy's request for a further continuance for failure to demonstrate good cause, where his first visa petition had been denied and he did not show a likelihood of success on his second visa petition. *See* 8 C.F.R. § 1003.29; *Ahmed,* 569 F.3d at 1012 (outlining factors for the reviewing court to consider when reviewing the agency's denial of a continuance); *Malilia v. Holder,* 632 F.3d 598, 606 (9th Cir. 2011) (listing factors the agency should consider in determining whether to continue proceedings for adjudication of a pending visa petition).

Dy's contention that the agency did not apply the correct standard or consider the relevant factors in denying the continuance is not supported by the record. *See Mendez-Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir. 2009) (concluding that the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision); *Malilia,* 632 F.3d at 606 (applying factors set forth in *Matter of Hashmi,* 24 I&N Dec. 785 (BIA 2009)).

**PETITION FOR REVIEW DENIED.**