**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE UBALDO LOPEZ-BALVANEDA, | No.    16-70745 |
| Petitioner, | Agency No. A087-958-364 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:      WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Jose Ubaldo Lopez-Balvaneda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision denying a motion

to remand and dismissing his appeal from an immigration judge's removal order

denying a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for abuse of discretion the BIA's denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

The agency did not err or abuse its discretion in denying a continuance to pursue post-conviction relief and file an I-130 visa petition, where Lopez-Balvaneda waited several years to seek post-conviction relief, and where he did not show he had filed the visa petition more than a year after he was eventually granted post-conviction relief. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (IJ not required to grant a continuance based on speculation); *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009) (listing factors for agency to consider when deciding whether to continue proceedings for an alien to seek adjustment of status based on a pending visa petition); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law).

The BIA did not abuse its discretion in denying Lopez-Balvaneda's motion to remand, where he had not shown a visa petition application had been filed on his behalf, and thus could not show a visa was immediately available. *See* 8 U.S.C. § 1255(i)(2)(B) (an immigrant visa must be immediately available to be granted adjustment of status); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the

BIA can deny a motion to remand for failure to establish a prima facie case for the relief sought).

In light of this determination, we need not address Lopez-Balvaneda's contention that he warrants a grant of adjustment of status in the exercise of discretion. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

16-70745