Cruz Pomavilla v. Sessions

BIA
Christensen, IJ
A094 226 639

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> *Circuit Judges.*

_____

JOSE ROLANDO CRUZ POMAVILLA, AKA JOSE CRUZ, AKA JOSE O CRUZ, AKA JUSTIN CRUZ, AKA JOSE ROLANDO CRUZ, AKA JOSE ROLANDO POMAVILLA,
> *Petitioner,*

v.                                                     16-3986
                                                       NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Garth A. Molander, Bohemia, NY.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Brendan T. Moore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Rolando Cruz Pomavilla, a native and citizen of Ecuador, seeks review of an October 31, 2016, decision of the BIA affirming a March 15, 2016, decision of Immigration Judge ("IJ") Jesse Christensen denying Cruz Pomavilla's motion for a continuance. *In re Jose Rolando Cruz Pomavilla,* No. A 094 226 639 (B.I.A. Oct. 31, 2016), *aff'g* No. A 094 226 639 (Immig. Ct. N.Y. City Mar. 15, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a

continuance for abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and we accord IJs "wide latitude in calendar management," *Morgan*, 445 F.3d at 551. An IJ abuses his discretion only if "(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 551-52 (alterations in original). IJs "must grant a reasonable and realistic period of time to provide a fair opportunity for a respondent to seek, speak with, and retain counsel." *Matter of C-B-*, 25 I. & N. Dec. 888, 889 (B.I.A. 2012).

Cruz Pomavilla has shown no abuse of discretion. Cruz Pomavilla received a continuance of nearly three months in September 2015 to retain an attorney, and another three-month continuance in December 2015, to apply for asylum and to continue to seek counsel. While he requested another continuance, he failed to show good cause because he offered

3

no evidence to support his allegation that his employer had retained an attorney for him. Indeed, the IJ contacted the attorney in question, who stated that he did not represent Cruz Pomavilla. The IJ denied Cruz Pomavilla's request for a further continuance after considering the number of continuances Cruz Pomavilla had already received and the fact that, despite being warned that he would not be granted additional continuances, he still failed to retain counsel during the two last adjournments. Accordingly, the IJ did not abuse his discretion by denying a further continuance.

Cruz Pomavilla's additional arguments fail. First, contrary to Cruz Pomavilla's contentions, a 2013 internal BIA memorandum does not *require* IJs to give two continuances; rather, it states a general policy that, "absent good cause shown, no more than two continuances should be granted . . . for the purpose of obtaining legal representation." *See* Memorandum from Brian M. O'Leary, Chief Immigration Judge, Office of the Chief Immigration Judge, to all Immigration Judges and Administrators, OPPM 13-01, Continuances and Administrative Closure (Mar. 7, 2013) at 2. Regardless, Cruz Pomavilla received two continuances here. Second, the

4

factors laid out in *Matter of Hashmi*, 24 I. & N. Dec. 785 (B.I.A. 2009), do not apply because there was no pending application with any other agency. Third, the denial of a continuance did not deprive Cruz Pomavilla of due process because he had multiple opportunities to obtain counsel, file applications, and present evidence. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (holding that due process in immigration proceedings is satisfied by notice and an opportunity to be heard).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5