NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0335n.06

No. 20-4306

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| FRANCIS YEBOAH ADUSEI, | ) | **FILED** |
| | ) | Jul 14, 2021 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| MERRICK B. GARLAND, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:     **BATCHELDER, KETHLEDGE, and THAPAR, Circuit Judges**

**ALICE M. BATCHELDER, Circuit Judge.**  Francis Yeboah Adusei petitions for review of a judgment by the Board of Immigration Appeals' ("BIA") dismissing his appeal of the denial of his motion to continue removal proceedings.  We DENY his petition.

**I.  Background**

Adusei is a native and citizen of Ghana.  He entered the United States legally in March 2002 as a nonimmigrant visitor but overstayed his sixth-month authorization.  In 2004, he married a United States citizen.  The U.S. Citizenship and Immigration Service ("USCIS") approved an I-130 Petition filed by that woman on Adusei's behalf, but later declined to adjust Adusei's status after receiving evidence suggesting that the marriage might be fraudulent.  The couple divorced in December 2006.  Adusei received a Notice to Appear for removal proceedings on May 11, 2007.  He admitted removability in 2010.

On July 12, 2007, Adusei married Sherry Singleton, a United States citizen. Singleton filed an I-130 Petition for Adusei in 2008. USCIS denied the Petition and the BIA affirmed denial in June 2011. Adusei then began the process of applying for asylum, withholding of removal, Convention Against Torture protection, and, alternatively, voluntary departure. He withdrew these applications on the day of his March 2014 removal hearing, noting that Singleton had filed another I-130 on his behalf. The Immigration Judge granted an uncontested continuance to allow adjudication of the second I-130.

USCIS issued a Notice of Intent to Deny ("NOID") the second I-130 Petition on December 21, 2015, stating that the evidence presented by Adusei and Singleton did not overcome the presumption of fraudulent marriage placed upon couples married while the I-130 beneficiary spouse is in removal proceedings. In January 2016, Adusei appeared again before an Immigration Judge, who reset his appearance until after Singleton's response to the NOID was due. Singleton responded to the NOID, and USCIS formally denied the Petition on January 27, 2016. Singleton timely appealed in March 2016. Adusei received another uncontested continuance on April 13, 2016.

Adusei next appeared in court on October 10, 2018, despite his counsel's moving to continue the hearing because Singleton's I-130 appeal was still pending. At this point, Adusei had only one plausible form of relief pending: a potential status adjustment if the BIA reversed the USCIS's denial of Singleton's I-130 Petition. The government, for the first time, opposed continuing the case or granting a requested hearing on the potential that Singleton's I-130 Petition would be granted. The Immigration Judge agreed and denied the motion to continue. Because Adusei had previously abandoned his requests for other forms of relief, the Immigration Judge ordered him removed.

Adusei, through counsel, timely appealed to the BIA, challenging the Immigration Judge's decision to deny his motion to continue. His counsel later withdrew and Adusei, acting pro se, chose not to file a brief with the BIA. The BIA dismissed the appeal on November 19, 2020. Adusei, through new counsel, timely petitions for review.

## II. Analysis

The only issue here is whether the Immigration Judge abused his discretion by denying Adusei's motion to continue. The merits of Singleton's I-130 Petition are not before us. When, as here, the BIA does more than summarily affirm or adopt an immigration judge's order and explains its decision, "we review the BIA decision as the final agency determination" "under an abuse-of-discretion standard." *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). An "immigration judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29; *see also Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 411 (A.G. 2018) (emphasizing the need for an immigration judge to find "good cause" before granting a continuance). The denial of a continuance constitutes an abuse of discretion "if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Ilic-Lee*, 507 F.3d at 1047 (cleaned up). Immigration judges are *not* required to grant a continuance just because an active I-130 Petition has been filed on the movant's behalf. *See, e.g., Ukpabi v. Mukasey*, 525 F.3d 403, 408 (6th Cir. 2008).

The BIA established five illustrative factors that immigration judges should consider when adjudicating a motion to continue:

(1) the DHS response to the motion;

(2) whether the underlying visa petition is prima facie approvable;

(3) the [alien's] statutory eligibility for adjustment of status;

(4) whether the [alien's] application for adjustment merits a favorable exercise of discretion; and

(5) the reason for the continuance and other procedural factors.

*Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009). These factors are not limitations: immigration judges "should consider everything relevant to a given case, including the alien's diligence in seeking relief and any past continuances." *Dia v. Garland*, --- F. App'x ---, ---, 2021 WL 1578916, at *4 (6th Cir. Apr. 22, 2021). Nor are they weighted equally: "[w]hile all these factors may be relevant in a given case, the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Hashmi*, 24 I. & N. Dec. at 790.

The BIA based its decision on the second factor, finding "that [Adusei] has not established a likelihood that the second visa petition will ultimately be approved." (Admin. R., at PageID# 3); *see also Corea v. Garland*, --- F. App'x ---, ---, 2021 WL 2774260, at *5 (6th Cir. July 2, 2021) ("any determination on whether good cause exists for a continuance should turn primarily on the likelihood that the collateral relief will be granted and materially affect the outcome of the removal proceeding.") (cleaned up). The BIA also noted that the government opposed the motion. (*Id.*). Although the BIA suggested that factors three, four, and five weighed at least slightly in favor of granting a continuance, it ultimately held that Adusei "ha[d] not demonstrated good cause for an additional continuance." (*Id.*).

Adusei argues here that the BIA ignored substantial evidence suggesting his marriage to Singleton is bona fide, which makes it likely that the BIA will eventually reverse the USCIS's denial of Singleton's I-130 Petition. But Adusei has not provided evidence to prove that the BIA's decision here was made without a rational explanation. According to the record, Singleton and Adusei married just two months after removal proceedings began and six months after Adusei's prior marriage ended amid allegations of fraud. The record shows numerous discrepancies both

between Singleton and Adusei's interviews and between the interviews and the provided documents. These discrepancies include material facts such as when, and how long, Singleton and Adusei lived together. Singleton provided almost no evidence that she actively shared a life with Adusei.[1] The BIA emphasized that Singleton has now had an I-130 Petition filed on behalf of Adusei denied by USCIS, that denial affirmed by the BIA, and another I-130 Petition with additional materials denied by USCIS. That is enough to support the BIA's decision. *See Ukpabi*, 525 F.3d at 407–08 (affirming the denial of a continuance to await adjudication of a second I-130 Petition); *Dia*, --- F. App'x at ---, 2021 WL 1578916, at *4 (denying a petition to review the denial of a continuance when the I-130 Petition had not yet been adjudicated by USCIS).

### III. Conclusion

For the foregoing reasons, Adusei's petition is **DENIED**.

---

[1] Notably, Singleton did not provide any photographs of the couple until her response to the 2016 NOID. Then, she provided only eight photographs depicting three occasions, despite having been married for almost nine years.