**NOT FOR PUBLICATION**

FILED

OCT 28 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JARSHINIO VARGAS-RUANO, | No. 12-70784 |
| Petitioner, | Agency No. A094-380-516 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2015[**]
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges and LASNIK,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert S. Lasnik, District Judge for the U.S. District
Court for the Western District of Washington, sitting by designation.

Jarshinio Vargas-Ruano requested a continuance of his immigration proceedings to obtain (1) documents of an unknown nature, (2) legal permanent resident status (LPR) through his U.S. citizen girlfriend, and (3) expungement of his criminal conviction. The IJ and BIA did not abuse their discretion in denying Vargas-Ruano's request for a continuance to pursue cancellation of removal or adjustment of status.[1] *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) ("The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." (internal quotation marks and citation omitted)).

As to cancellation of removal, the IJ and BIA did not abuse their discretion, because Vargas-Ruano had not established he was eligible for cancellation of removal: (1) he had a conviction for felony possession of methamphetamine, and (2) based on the grant of voluntary departure, he was not present in the United States for ten continuous years. *See* 8 U.S.C. § 1229b(b)(1); *see also Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 973 (9th Cir. 2003) (per curiam).

---

[1] Vargas-Ruano did not challenge the BIA's ultimate decision that he is ineligible for adjustment of status or cancellation of removal. Therefore, these issues are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

As to adjustment of status, the IJ and BIA did not abuse their discretion, because Vargas-Ruano also did not establish that he had any relief immediately available for him to pursue adjustment of status: (1) Vargas-Ruano did not have a legally recognized marriage through which he could obtain LPR status; (2) Vargas-Ruano's "putative spouse" had not filed a Form I-130 on his behalf; and (3) Vargas-Ruano had not presented any evidence that he obtained post-conviction relief. We have previously concluded that the BIA does not have to continue a matter when, as here, relief was speculative and not immediate. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (holding that the BIA did not abuse its discretion by denying a motion for a continuance where "no relief was then immediately available").

Vargas-Ruano argues on appeal that the IJ and the BIA abused their discretion by failing to address the four factors set forth in *Ahmed*, 569 F.3d at 1012. However, the BIA, applying the factors set forth in *Matter of Hashmi*, 24 I. & N. Dec. 785 (2009), properly set forth its reasoning for denying a continuance. *See Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011). The BIA's reasoning supports its denial of a continuance under the *Ahmed* factors. Specifically,

Vargas-Ruano does not identify any evidence that may have been excluded as a result of the denial of continuance that could have been relevant to the outcome of his case. *Ahmed*, 569 F.3d at 1012. Further, Vargas-Ruano did not demonstrate good cause for a continuance. *See id.* ("[A]n IJ may grant a motion for continuance for good cause shown." (internal quotation marks and citation omitted)). At the time of the hearing, his eligibility for relief from removal was only a remote possibility. *See Sandoval-Luna*, 526 F.3d at 1247.

**PETITION FOR REVIEW DENIED.**