**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANNETT ATADURDIYEVA, | No. 15-70078 |
| Petitioner, | |
| v. | Agency No. A089-245-810 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Jannett Atadurdiyeva, a native and citizen of Turkmenistan, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") order of removal.  We have jurisdiction under 8

U.S.C. § 1252.  We review for abuse of discretion the denial of a continuance and

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo claims of due process violations. *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Atadurdiyeva's request for an eighth continuance, where her visa petition had been denied and she did not show a likelihood of success on a second visa petition. *See id.* at 1247 (no abuse of discretion in denying a motion for a continuance where the relief sought was not then immediately available to petitioner); *Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir. 2011) (an "IJ [is] not required to grant a continuance based on . . . speculations"); *Lata v. I.N.S.,* 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Atadurdiyeva's contention that the BIA did not properly consider the factors in evaluating whether she had shown good cause for a continuance is not supported by the record. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) ("what is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**