16-3317-ag
Balbuena v. Sessions

BIA
Sagerman, IJ
A088 440 776

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of November, two thousand seventeen.

PRESENT:
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
                *Circuit Judges*,
        ERIC N. VITALIANO,*
                *District Judge.*

_____

EDUARDO BALBUENA,
                *Petitioner*,

        v.                                                                16-3317-ag

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
                *Respondent*.

_____

FOR PETITIONER:                    KRISTIN JUNG, Student Attorney (Emily Bendana, Wilfredo Lopez, Student Attorneys, and Vanessa Merton, Supervising Attorney, *on the brief*), John Jay Legal Services, Inc., Elisabeth Haub School of Law at Pace University, White Plains, NY.

---

* Judge Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR RESPONDENT:** DANA M. CAMILLERI, Trial Attorney, Office of Immigration Litigation (Anthony P. Nicastro, Assistant Director, and Chad A. Readler, Acting Assistant Attorney General, *on the brief*), United States Department of Justice, Washington DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Eduardo Balbuena, a native and citizen of Mexico, seeks review of an August 29, 2016 decision of the BIA affirming an April 12, 2016 decision of an Immigration Judge ("IJ") ordering his removal. *In re Eduardo Balbuena,* No. A 088 440 776 (B.I.A. Aug. 29, 2016), *aff'g* No. A 088 440 776 (Immig. Ct. Napanoch, N.Y. Apr. 12, 2016). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on review, to which we refer only as necessary to explain our decision to deny the petition.

Because Balbuena was ordered removed based on his criminal convictions, our jurisdiction on appeal is limited to consideration of constitutional claims and questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(C), (D). Balbuena does not dispute that he was (and is currently) statutorily ineligible for adjustment of status to lawful permanent resident by virtue of his entry without inspection, unlawful presence, and criminal convictions. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (a)(2)(B), (a)(6)(A)(i), 1255(a). Instead, he argues that the agency should have adjudicated his two waiver requests and continued or administratively closed its proceedings while he attempted to place himself in a position from which he would be eligible to obtain an adjustment of his immigration status. To the extent he argues that the agency applied incorrect legal standards, he raises a reviewable question of law. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328–29 (2d Cir. 2006).

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of*

*Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We therefore assume, as the BIA did, that the agency would have had the authority to grant the inadmissibility waivers requested by Balbuena. Accordingly, the dispositive legal issue before us is whether Balbuena presents a meritorious constitutional claim or question of law arising from the agency's denials of a continuance and of administrative closure.

These denials are reviewed for an abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006); *Vahora v. Holder*, 626 F.3d 907, 918–19 (7th Cir. 2010). "An abuse of discretion may be found . . . where the [agency's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

An IJ may grant a continuance for "good cause shown." 8 C.F.R. § 1003.29. In adjudicating a motion for a continuance, the agency may consider a variety of factors, including but not limited to:

> (1) the [government's] response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the [movant's] statutory eligibility for adjustment of status; (4) whether the [movant's] application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

*Matter of Rajah*, 25 I. & N. Dec. 127, 130 (B.I.A. 2009) (quoting *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009)). When evaluating a request for administrative closure, the agency weighs "all relevant factors." *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012). Under its decision in *Avetisyan*, these include:

> (1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the [movant] will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if

3

any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

*Id.*

Balbuena has not shown that the agency applied an incorrect legal standard in either of its rulings. With respect to its denial of a continuance, the agency considered the *Hashmi* factors. *See Matter of Hashmi*, 24 I. & N. Dec. at 790. The IJ acknowledged the approval of Balbuena's visa, but he also noted that the government opposed a continuance and that Balbuena was statutorily ineligible for adjustment of status because of his unlawful presence. The IJ was permitted to consider "other procedural factors," *id.*, including that any future success for Balbuena's petition was deeply uncertain as to both likelihood and timing.

Similarly, the agency considered the factors that have been found to bear on the propriety of administrative closure. These include Balbuena's current ineligibility to obtain an adjustment of status, and the agency's inability to predict with any reliability whether and when Balbuena would become eligible for that relief in light of the several discretionary decisions that Balbuena would first have to obtain in his favor. *See Matter of Avetisyan*, 25 I. & N. Dec. at 696.

We have considered Balbuena's remaining arguments regarding concurrent filing and due process and find no basis for remand. The BIA's conclusion that neither continuance nor closure was warranted was dispositive because of Balbuena's current ineligibility for relief from removal. We therefore need not determine whether the agency had authority to grant the requested waivers of inadmissibility.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4