16-3971-ag
*Blake v. Sessions*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges,*
            RICHARD W. GOLDBERG,
                    *Judge.*[*]

---

ANDRE NAZEEN BLAKE,

            *Petitioner,*                          16-3971-ag

                    v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL

            *Respondent.*

---

**FOR PETITIONER:**                Gregory Osakwe, Hartford, CT.

**FOR RESPONDENT:**                Chad A. Readler, Acting Assistant
                                   Attorney General, Terri J. Scadron,

---

    [*] Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

Assistant Director, Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Andre Nazeen Blake, a native and citizen of Jamaica, petitions for review of a November 4, 2016, decision of the Board of Immigration Appeals ("BIA") affirming a March 30, 2016 decision of an Immigration Judge ("IJ") denying his request for a continuance of proceedings, and ordering his removal. *In re Andre Nazeen Blake*, No. A 087 946 790 (B.I.A. Nov. 4, 2016), *aff'g* No. A 087 946 790 (Immig. Ct. Buffalo, NY Mar. 30, 2016). Blake principally argues that the BIA and IJ abused their discretion by denying him adequate opportunity to prove that his marriage, which was entered into while removal proceedings were underway, is *bona fide*. Upon review, we conclude that Blake's arguments are without merit, and deny the petition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Where, as here, the BIA adopts and "merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a continuance for abuse of discretion. *Rajah v. Mukasey*, 544 F.3d 449, 453 (2d Cir. 2008). We will only find an abuse of discretion if the decision rests on an error of law or a clearly erroneous factual finding, or the decision "cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

Blake has not shown an abuse of discretion. The BIA and IJ considered the relevant factors for a continuance: the Department of Homeland Security ("DHS") had opposed a continuance; the underlying visa petition was likely not approvable as Blake's marriage was presumptively fraudulent and Blake had presented no evidence to rebut that presumption; and Blake had not demonstrated statutory eligibility for any relief from removal. *See, e.g.*, *Matter of Hashmi*, 24 I. & N. Dec. 785, 790–91 (B.I.A. 2009) (providing non-exhaustive list of factors to consider including "the DHS response to the motion," "whether the underlying visa petition is prima facie approvable," and "the respondent's eligibility for adjustment of status"); 8 U.S.C. § 1255(e)(1)–(3) (requiring "clear and convincing evidence" of good faith marriage if marriage entered into while "administrative or judicial proceedings are pending regarding the alien's right to . . . remain in the United States"); 8 C.F.R. § 204.2(a)(1)(iii)(B) (discussing types of evidence that should be submitted with a visa petition to demonstrate a good faith marriage). Moreover, the IJ was permitted to consider "other procedural factors," *Matter of Hashmi*, 24 I. & N. Dec. at 790, including "a history of continuances being granted," *id.* at 794. And the BIA and IJ considered the factors relevant to administrative closure,

including Blake's likelihood of success, when denying his request for administrative closure. *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012).

## CONCLUSION

For the foregoing reasons, we **DENY** the petition for review of the judgment of the BIA.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3