**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1898**

ELPHINE KERUBO MARUBE,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 25, 2018                    Decided: February 16, 2018

Before TRAXLER, KEENAN, and THACKER, Circuit Judges.

Petition granted and remanded by unpublished per curiam opinion.

Japheth N. Matemu, MATEMU LAW OFFICE P.C., Raleigh, North Carolina, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Vanessa M. Otero, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elphine Kerubo Marube, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's decision denying her motion for a continuance and ordering her removed to Kenya. For the reasons set forth below, we grant the petition for review.

On appeal, Marube argues that the immigration judge abused his discretion in denying her motion for a continuance solely based on the length of time it is taking the Department of Homeland Security (DHS) to adjudicate her husband's I-130 Petition for Alien Relative. She further argues that the immigration judge departed from the factors set forth in *In re Hashmi,* 24 I. & N. Dec. 785 (B.I.A. 2009), in denying her motion and that she was deprived of a full and fair hearing in violation of her rights to due process.

An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2017). We review the denial of a motion for a continuance for abuse of discretion. *Lendo v. Gonzales,* 493 F.3d 439, 441 (4th Cir. 2007); *Onyeme v. INS,* 146 F.3d 227, 231 (4th Cir. 1998). "[W]e must uphold the [immigration judge's] denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, *e.g.*, invidious discrimination against a particular race or group.'" *Lendo*, 493 F.3d at 441 (quoting *Onyeme*, 146 F.3d at 231).

When deciding a motion to continue for the purpose of allowing an I-130 petition to be adjudicated by the DHS, the immigration judge should consider: (1) the Attorney General's response; (2) prima facie approvability of the visa petition; (3) statutory

eligibility for adjustment of status; (4) whether the application for adjustment of status warrants a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors. *In re Hashmi,* 24 I. & N. Dec. at 790. The immigration judge "should articulate, balance, and explain all these relevant factors, and any others that may be applicable, in deciding whether to grant . . . a continuance . . . to adjudicate the I-130 or, alternatively, to proceed with the case despite the pendency of the visa petition." *Id.* at 794. "Adjudication of a motion to continue should begin with the presumption . . . that discretion should be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of an ongoing removal hearing." *Id.* at 790. In considering the reason for the continuance, "[d]elay that is not attributable to the [alien] augurs in favor of a continuance." *Id.* at 793. "Compliance with an Immigration Judge's case completion goals . . . is not a proper factor in deciding a continuance request, and Immigration Judges should not cite such goals in decisions relating to continuances." *Id.* at 793-94.

Our review reveals that the agency's denial of Marube's motion for a continuance was primarily based on the delay in the adjudication of the I-130 petition[1] and on its

---

[1] As noted by the Attorney General, the immigration judge erroneously stated that he had granted six prior continuances "over a period of one year and nine months . . . to have a visa petition approved." The Board repeated this mistake in upholding the decision. The record, however, reveals that Marube's first hearing was scheduled for October 29, 2015, and her husband filed the I-130 petition on her behalf in August 2015. Thus, it appears that the immigration judge granted the continuances over a one year period of time. Moreover, the majority of the continuances were granted to accommodate conflicts to

determination that Marube did not have a current priority date that would allow her to adjust her status even if the visa petition were approved. The DHS did not explicitly object to Marube's motion for an additional continuance and the agency did not conduct any analysis as to the prima facie approvability of the I-130 petition or Marube's eligibility for adjustment of status (beyond noting that her priority date was not yet current).[2] Moreover, Marube requested the continuance due to delay by the DHS, which the Board has cautioned weighs in favor of a continuance. *In re Hashmi,* 24 I. & N. Dec. at 790.

We conclude that the agency abused its discretion in failing to consider *all* of the *Hashmi* factors in denying Marube's motion for a continuance as required by its own precedent. *See Ferreira v. U.S. Att'y Gen.,* 714 F.3d 1240, 1243 (11th Cir. 2013) ("While the [Board] properly considered the fact that an immigrant visa was not immediately available, the [Board] erred by limiting its analysis to only that factor."). The Board's failure to do so constitutes an inexplicable departure from its established precedent. *See Lendo*, 493 F.3d at 441 (quoting *Onyeme*, 146 F.3d at 231). We therefore grant the petition and remand for further proceedings consistent with this opinion. We express no opinion on the ultimate disposition of Marube's motion. We dispense with oral argument because

---

counsel's schedule; proceedings were continued on two occasions in order to await the adjudication of the I-130 petition.

[2] We take judicial notice of the Department of State's Visa Bulletins, which reveal that, at the time of Marube's hearing before the immigration judge, the DHS was accepting adjustment of status applications from spouses of lawful permanent residents with priority dates on or before January 22, 2015. *See* U.S. Dep't of State, Visa Bulletin for Nov. 2016. Thus, Marube's priority date was nearly current. By the time the Board issued its decision, Marube's priority date was current. *See* U.S. Dep't of State, Visa Bulletin for July 2017.

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION GRANTED*
*AND REMANDED*