NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARNULFO SANCHEZ-PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    17-70046

Agency No. A076-639-634

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2022**
Seattle, Washington

Before:  BERZON, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Arnulfo Sanchez-Perez petitions for review of a Board of

Immigration Appeals (BIA) decision denying relief on his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT) and denying his request for a continuance so he could seek an adjustment of

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

status. We dismiss the petition in part and deny in part.

1.     ***Jurisdictional Bar.*** Judicial review is limited "for cases involving noncitizens who have committed any crime specified in 8 U.S.C. § 1252(a)(2)(C)." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1687 (2020). "Those noncitizens may obtain judicial review of constitutional and legal challenges to the final order of removal, but not of factual challenges to the final order of removal." *Id.* at 1687–88. And jurisdiction exists for constitutional and legal challenges only if they are "colorable, i.e., they have "some possible validity." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (quotation marks and citation omitted).

Section 1252's jurisdictional bar applies here because Sanchez-Perez committed at least one crime specified in § 1252—his first-degree theft conviction constitutes an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Sanchez-Perez admitted the factual allegations underlying this conviction, and he does not challenge his conviction on appeal, *see Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020). Even if he had, we would lack jurisdiction to review any factual challenge to Sanchez-Perez's final order of removal. *See Nasrallah*, 140 S. Ct. at 1694; *see also Florez-Miramontes v. INS*, 212 F. 3d 1133, 1135 (9th Cir. 2000) (court lacked jurisdiction under § 1252 where petitioner was convicted of a crime that made him

removable as charged and he had been ordered removed).[1]

2. ***CAT Relief.*** Section 1252 does not "preclude judicial review of factual challenges to CAT orders." *Nasrallah,* 140 S. Ct. at 1690. However, we nonetheless lack jurisdiction to consider Sanchez-Perez's CAT claim because he failed to exhaust it to the BIA. *See* 8 U.S.C. § 1252(d)(1).

3. ***Asylum and Withholding.*** Sanchez-Perez argues that he has established eligibility for asylum and withholding of removal by showing that he has a well-founded fear of future persecution and that he is likely to be persecuted because of his membership in a particular social group (men with tattoos returning to Mexico and member of family that owns valuable land in Mexico). Sanchez-Perez failed to exhaust these claims with the BIA. *See* 8 U.S.C. § 1252(d)(1). Although he argued before the BIA that he was a member of a particular social group (males returning to Mexico with visible tattoos) he, as the BIA noted, failed to challenge "in any meaningful respect, the Immigration Judge's findings that he has not established a nexus to a protected ground, that he does not have a subjectively genuine or objectively reasonable fear of persecution, or that he could reasonably relocate to another part of Mexico where he could avoid the harm he fears." These

---

[1]A challenge to Sanchez-Perez's convictions would also fail for lack of exhaustion to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

unexhausted issues are dispositive and require dismissal of Sanchez-Perez's legal challenges to denial of his asylum and withholding claims for lack of jurisdiction.

4.      ***Continuance.*** Sanchez-Perez argues that the BIA abused its discretion in denying his request for a continuance. We have jurisdiction to review this challenge. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1144–45 (9th Cir. 2014). "[T]he BIA abuses its discretion when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief." *Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009) (internal quotations and citations omitted). Here, the BIA considered the positive and negative factors in Sanchez-Perez's case and determined that, because he likely would not be eligible for adjustment of status based on his drug abuse and criminal history, there was not good cause for a continuance. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009) (outlining the factors that must be considered for a motion to continue based on a pending I-130 petition). Accordingly, the BIA did not abuse its discretion.

We do not consider Sanchez-Perez's due process claim related to the denial of his continuance request because it is not "colorable." *See Mendez-Castro*, 552 F.3d at 978. Sanchez-Perez has not shown that the IJ prevented him from presenting his case, denied him a full, fair, and impartial hearing, "or otherwise denied a basic due process right." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Instead, he makes only a conclusory assertion that the IJ violated his due process

4

rights by "prejudging the merit of his application for adjustment of status without even considering the application, waiver, or supporting evidence" that the record evidence contradicts. This bare assertion is insufficient.

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**