**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMYAN AGUIAR, AKA Aguiar Demyan, AKA Demyan Unknown, <br><br>        Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>        Respondent. | No. 19-70888 <br><br> Agency No. A073-173-921 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2022[**]
Pasadena, California

Before: BENNETT and COLLINS, Circuit Judges, and FOOTE,[***] District Judge.

Petitioner Demyan Aguiar, a Brazilian citizen, petitions for review of the

order of the Board of Immigration Appeals ("BIA") denying his request for

remand to pursue adjustment of status and upholding the decision of the

Immigration Judge ("IJ") that found him ineligible for cancellation of removal and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

that ordered him removed to Brazil. We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition.

1. During his removal proceedings, Aguiar took the first step towards attempting to adjust his status to that of a lawful permanent resident by having his U.S. citizen wife file an I-130 petition with U.S. Citizenship and Immigration Services ("USCIS"). After granting Aguiar several continuances while awaiting USCIS's decision on the I-130 petition, the IJ ultimately declined to wait any further, proceeded with a removal hearing in January 2018, and ordered Aguiar to be removed. The IJ did so after concluding that, even if the I-130 petition was granted, Aguiar had made an insufficient showing that he would merit a favorable exercise of discretion so as to be granted adjustment of status. After Aguiar appealed to the BIA, the I-130 petition was granted, and Aguiar then moved to remand the matter to the IJ. However, the BIA concluded that Aguiar had "not demonstrated eligibility for adjustment of status in the exercise of discretion," and it therefore both denied the motion for remand and upheld the IJ's denial of a continuance of the removal proceedings.

The standards governing a motion to remand "are for all practical purposes the same" as for a motion to reopen, *see Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987), and the BIA may properly deny such a motion if, *inter alia*, "the

2

movant would not be entitled to the discretionary grant of relief which he sought."

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citation omitted). Even assuming Aguiar would be eligible for discretionary adjustment of status, 8 U.S.C. § 1255(a),[1] we find no basis to set aside the BIA's determination that Aguiar failed to show that he merited a favorable exercise of discretion. The BIA applied the correct legal standard in exercising that discretion, and it considered the relevant factors. Specifically, the BIA concluded that Aguiar's criminal history, coupled with his failure to take advantage of rehabilitative opportunities, ultimately weighed against a favorable exercise of discretion. Aguiar contends that the BIA failed adequately to consider the positive factors supporting adjustment of status, but we disagree. The BIA expressly considered Aguiar's claims of remorse, his explanations of his criminal history, and the documents submitted with his appellate brief and motion to remand, which detailed the positive factors on which Aguiar relied. The BIA's explanation was sufficient. *See Agonafer v. Sessions*, 859 F.3d 1198, 1206 (9th Cir. 2017) (noting that the agency is not required to "write an exegesis on every contention" (citation omitted)).

For similar reasons, the BIA properly upheld the IJ's denial of a continuance to await a decision on the I-130 application. An IJ may properly deny a

---

[1] We therefore do not address the parties' dispute over whether the BIA and the IJ correctly concluded, in the alternative, that Aguiar had accrued unlawful presence in the U.S. that would render him ineligible for adjustment of status.

continuance to await a decision on an application if the IJ determines that, even if the application is granted and the alien is therefore eligible for discretionary relief, the relevant factors do not support a favorable exercise of that discretion. *Matter of Hashmi*, 24 I. & N. Dec. 785, 790, 793 (BIA 2009). As the BIA recognized, the IJ noted many of the same negative factors that had been identified by the BIA. The IJ also considered relevant positive discretionary factors, including Aguiar's marriage to a U.S. citizen, the fact that Aguiar attended school in the U.S., and the time Aguiar spent in this country. The BIA properly upheld the IJ's denial of a continuance on this basis.

2. The agency properly concluded that Aguilar was not eligible for cancellation of removal. To be eligible for that relief, an alien must be "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b)(1)(A). Because Aguiar applied for cancellation of removal on January 12, 2018, he had to show his continuous presence in the U.S. since January 2008. But Aguiar informed the IJ that he had left the U.S. for Brazil "before 2010" and did not return to the U.S. until "May 2010." Because he was outside the U.S. for a "period in excess of 90 days" within the relevant 10-year timeframe, the agency properly concluded that he was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(d)(2).

4

3. We lack jurisdiction to consider Aguiar's claims that the IJ violated his due process rights by failing adequately to develop the record and to advise him of the relevant procedural and substantive requirements for various forms of relief, because Aguiar did not raise them before the BIA. Had these claims been raised, the BIA would not have been "powerless to grant the relief requested," *Carr v. Saul*, 141 S. Ct. 1352, 1361 (2021), and therefore Aguiar was required to present those claims to the BIA before raising them here. *See* 8 U.S.C. § 1252(d)(1) (stating that we may review a challenge to a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"). Even construing liberally his pro se papers before the BIA, *see Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002), Aguiar failed to raise these due process claims before the BIA. We therefore lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The petition for review is **DENIED IN PART AND DISMISSED IN PART**.

5