NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMELDA DEL CARMEN CORDOBA
RIVAS; ALEX ENMANUEL
BALTODANO CORDOBA,

Petitioners,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 23-3141

Agency Nos.
A220-311-866
A220-311-867

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 4, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.
Partial Dissent by Judge CALLAHAN.

Emelda Del Carmen Cordoba Rivas and her minor son, A.E., petition for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing their

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeals from orders of an Immigration Judge ("IJ") denying A.E.'s motion to sever their cases and ordering their removal. A.E. also seeks review of the BIA's denial of his motion to remand, and both petitioners assert ineffective assistance of counsel in the IJ proceedings. Exercising jurisdiction under 8 U.S.C. § 1252, we grant the petition in part and deny it in part.

1.      A.E. moved to sever his case from his mother's, asking the IJ to delay his removal proceedings to allow adjudication of his state-court application to be declared a dependent, a requirement to establish eligibility for a Special Immigrant Juvenile ("SIJ") visa. *See* 8 U.S.C. § 1101(a)(27)(J)(i). Although denominated a motion to sever, the plain purpose of the motion was to continue or pause his immigration proceedings to allow for his SIJ visa to be adjudicated. In denying the motion, the IJ reasoned only that "a motion to remand" to allow A.E. to seek SIJ status "can still be pursued at a later date."

Although the decision to grant or deny a continuance is left to the IJ's discretion, *Matter of Hashmi*, 24 I. & N. Dec. 785, 788 (BIA 2009), we have emphasized that IJs "should exercise that discretion in light of [an applicant's] apparent eligibility for SIJ status." *C.J.L.G. v. Barr*, 923 F.3d 622, 629 (9th Cir. 2019) (en banc) (cleaned up). There was no dispute as to A.E.'s eligibility, yet the sole reason given by the IJ for declining to continue A.E.'s case to allow him to obtain the required state-court order was that he could seek reopening of removal

proceedings after he obtained the order. But when a noncitizen seeks a continuance due to a collateral proceeding, the IJ's "decision should turn primarily on the likelihood that the collateral relief will be granted and will materially affect the outcome of the proceedings," which the IJ never considered. *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 412 (AG 2018). Moreover, the denial of reopening and the consequent entry of an order of removal affects A.E.'s ability to adjust status even after he was declared a SIJ by the United States Citizenship and Immigration Services ("USCIS"). *See* 8 U.S.C. § 1182(a)(9)(A)(ii). Because the IJ gave no other reason for denying the motion, it was an abuse of discretion, and we grant A.E.'s petition for review of the removal order and remand.

2.      The BIA did not, however, abuse its discretion in denying A.E's motion to remand. To obtain remand, an applicant is required to establish prima facie eligibility for adjustment of status, *see Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 381-82 (9th Cir. 2003), which requires an "immediately available" visa, *see* 8 U.S.C. § 1255(a). Although USCIS has approved A.E.'s Form I-360 application, the visa for which he has applied is not yet available.

3.      Emelda and A.E. argue that they received ineffective assistance of counsel before the IJ. But they did not raise this argument to the BIA, and the government asserts non-exhaustion. We therefore deny Emelda's petition for review

and deny A.E.'s to the extent it asserts ineffective assistance of counsel. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**Petition GRANTED in part and DENIED in part; REMANDED.**

*Cordoba Rivas v. Bondi*, No. 23-3141
CALLAHAN, Circuit Judge, dissenting in part:

I concur in Parts 2 and 3 of the memorandum disposition, but otherwise respectfully dissent. I agree that the BIA did not abuse its discretion in denying A.E.'s motion to remand and that Petitioners' ineffective assistance of counsel claim fails. I dissent because a motion to sever is not a motion to continue and the majority's contrary conclusion is erroneous.

It is undisputed that A.E. filed a motion to sever in immigration court. It is also undisputed that A.E. never filed a motion to continue. Nonetheless, in an act of judicial alchemy, the majority converts the motion to sever into a motion to continue. The majority then proceeds to review the agency's denial of A.E.'s motion to sever as if it were a motion to continue, concluding that the agency erred in denying a motion to continue that never was.

The majority begins by accepting that "A.E. moved to sever his case from his mother's" but then pivots without justification to review the IJ's denial of the motion to sever as if it were a motion to continue, stating that "[a]lthough the decision to grant or deny a *continuance* is left to the IJ's discretion . . . we have emphasized that IJs 'should exercise that discretion in light of [an applicant's] apparent eligibility for SIJ status.'" Memorandum Disposition at 2 (emphasis added) (quoting *C.J.L.G. v. Barr*, 923 F.3d 622, 629 (9th Cir. 2019) (en banc)). In relying on *C.J.L.G.*, the majority extracts reasoning related to a motion to continue

1

and superimposes it onto A.E.'s motion to sever. This sleight of hand is too clever by half.

*C.J.L.G.* is about an IJ's duty to inform a petitioner subject to removal of apparent eligibility for certain immigration benefits, including SIJ status. 923 F.3d at 626. In finding that the IJ erred in failing to inform C.J.L.G. of possible SIJ benefits, we reasoned that while the IJ alone cannot grant SIJ status (as it requires a state-court order and an I-360 petition), the IJ could continue proceedings to allow the SIJ process to advance. *Id.* at 628. In so holding, we explicitly recognized and relied on the IJ's discretionary power to grant or deny a motion to continue. *Id.* at 629 (citing *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) ("decision to grant or deny the continuance is within the sound discretion of the judge") (quotation omitted); *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 418 (A.G. 2018) (discussing how an IJ should assess a motion for continuance); *In re Zepeda-Padilla*, 2018 WL 1897722, at *1–2 (B.I.A. Feb. 16, 2018) (unpublished) (discussing good cause standard for a motion to continue)).

Here, there is no allegation that the IJ failed to inform Petitioners of an SIJ benefit and, even more critically, Petitioners never filed a motion to continue. Accordingly, *C.J.L.G.* is inapplicable to the instant case. The majority cites no case supporting its transfiguration of A.E.'s motion to sever into a motion to continue. Indeed, I have found no case supporting the proposition that this court,

2

in assessing a petition for review, can construe a motion to sever as a motion to continue, find error in the denial of the so-construed motion, and grant the petition. This is unsurprising because there are distinct rules governing our review of an IJ's denial of a motion to continue. *See Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008) ("When evaluating an IJ's denial of a motion for continuance [the court] consider[s] a number of factors – including, for example, (1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted."). If an IJ is never presented with a motion for a continuance, it is impossible for this court to engage in the "case-by-case" analysis necessary to determine if the IJ abused its discretion in denying such a motion. *Id.*

What the majority has done is find that the IJ abused his discretion in denying a motion that was never presented to him. I cannot endorse this conclusion. Instead, I would find that the IJ did not abuse his discretion in denying A.E.'s motion to sever and deny the petition for review in full.

Therefore, I respectfully dissent in part.