**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

NENITA CALAGUE,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    18-70874

Agency No. A200-247-138

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026**
Pasadena, California

Before:  WARDLAW, M. SMITH, and BADE, Circuit Judges.

Nenita Calague ("Petitioner"), a native and citizen of the Philippines,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

dismissing her appeal from an Immigration Judge's ("IJ") denial of her request for

a continuance and her application for cancellation of removal.  We have

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). We review the denial of a continuance for abuse of discretion. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (citation omitted). We review legal conclusions de novo and factual findings for substantial evidence. *Ruiz-Colmenares*, 25 F.4th at 748 (citation omitted). We review claims of due process violations de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022).[1]

1.      The IJ did not abuse his discretion in denying Calague's request for a continuance to await the adjudication of her I-130 petition. An IJ may grant a continuance only "for good cause shown." 8 C.F.R. § 1003.29. Where, as here, the purpose of the continuance is to afford a person in removal proceedings an opportunity to apply for adjustment of status based on a pending visa petition, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009); *see also Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011) (citing *Hashmi*, 24 I. & N. at 790). Because Calague was already in removal proceedings

---

[1] Calague does not challenge the agency's denial of her application for cancellation of removal on appeal in this Court.

2

when her marriage took place, there was a rebuttable presumption that the marriage was entered into in bad faith. *Malilia*, 632 F.3d at 604–05. Thus, Calague "had the burden of proof to show, through 'clear and convincing evidence,' that [her] marriage was not fraudulent." *Id.* at 605. As the IJ and BIA explained, Calague failed to meet this burden, given that she failed to file the required good faith marriage exemption or present any other evidence that the marriage was entered into in good faith. *See id.* Thus, the IJ did not abuse his discretion in denying Calague's request for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion in denying continuance where alleged relief was speculative).[2]

2.     The IJ did not violate Calague's due process rights by denying her request for a continuance. Calague failed to show that any errors by the IJ or her counsel affected the outcome of the proceedings because she fails to offer any evidence that the marriage was entered into in good faith. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, a non-citizen must show error and prejudice).

**PETITION DENIED.**

---

[2] Contrary to Calague's argument that the IJ "arbitrarily focused on certain *Hashmi* factors over other relevant factors," the agency considered the issues Calague raised and "sufficiently outlined why good cause did not exist." *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019).